# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE J. TWITTY,

    Defendant.

2:24-CR-5

### ORDER

Defendant Andre Twitty appeals the Magistrate Judge's Order denying his motion for release from custody, dkt. nos. 68, entered on October 10, 2024.[1] Dkt. No. 70. For the reasons stated on the record at the hearing, in the Magistrate Judge's order, and summarized below, the Court **DENIES** Defendant's motion, and **AFFIRMS and ADOPTS** the Magistrate Judge's Order of Detention.[2]

Defendant did not request a *de novo* hearing on his motion and the Court is not obligated to provide one if it "properly afford[s]

---

[1] Defendant is charged with Count One: Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c), and Count Two: Impeding and Retaliating Against Federal Law Enforcement by Threatening, in violation of 18 U.S.C. § 115(a)(1)(B). Dkt. No. 58.

[2] The Court "explicitly adopt[ed] the magistrate's pretrial detention order," and such adoption "obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988).

*de novo* review of the magistrate's detention order." United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987). In accordance with United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985), the Court has reviewed the parties' filings, and the proceedings before the Magistrate Judge. Gaviria, 828 F.2d at 670; see also King, 849 F.2d at 490 (stating that the district court can rely on the pleadings and evidence from the magistrate's detention hearing in its review).

Defendant makes three arguments in support of his appeal. First, he argues that the indictment against him is based on false testimony and includes omissions that render it void. Dkt. No. 70 at 17. However, this argument is misplaced. See Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by a prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."); United States v. Williams, 504 U.S. 36, 54–55 (1992) (reiterating Costello); Bank of Nova Scotia v. United States, 487 U.S. 250, 261 (1988) ("[T]he mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment," and a facially valid indictment is not subject "to a challenge to the reliability or competence of the evidence presented to the grand jury."); United States v. Kaley, 677 F.3d 1316, 1323 (11th Cir. 2012) ("[T]he [Supreme] Court has shown a

2

profound reluctance to allow pretrial challenges to a grand jury's probable cause determination.").

Second, Defendant argues the Court lacks federal jurisdiction over this matter because, according to Defendant, Assistant U.S. Attorney Sherri Stephan committed perjury to bring the charges against him.[3] Dkt. No. 70 at 12–13. This argument hinges on Defendant's claim that the underlying facts in this case are based on false testimony. Dkt. No. 70 at 12. Much like Defendant's first argument, such a contention is not properly considered under the Bail Reform Act or, for that matter, at this stage of the proceedings. 18 U.S.C. § 3142.

Third, Defendant argues that the word "risk," as it is used in the Bail Reform Act, is unconstitutionally vague. Dkt. No. 70 at 15. The Defendant is wrong. The "Bail Reform Act does not implicate the dual concerns underlying the void-for-vagueness doctrine: fair notice and preventing arbitrary enforcement." United States v. Watkins, 940 F.3d 152, 161 (2d Cir. 2019). Fair notice is not a concern here because the Act does not define a criminal offense and does not dictate a specific punishment. See United States v. Salerno, 481 U.S. 739, 747 (1987) (holding that pretrial detention does not constitute punishment because it is

---

[3] The Court notes that Defendant's Motion to Dismiss the Superseding Indictment for Lack of Jurisdiction, dkt. no. 66, is pending before the Magistrate Judge.

3

regulatory in nature). Furthermore, the Act "does not invite arbitrary enforcement within the meaning of the Supreme Court's case law." Watkins, 940 F.3d at 161. Under the Bail Reform Act, a court is not "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case," nor does it permit a judicial officer "to prescribe the sentences or sentencing range available." Id. Instead, the Bail Reform Act "empowers the court to hold a hearing that is itself guided by the statutory requirements" of the Act. Id. In fact, § 3142(g) instructs judges to consider four specific factors to assess if the defendant is a "risk." See United States v. Quartermine, 913 F.2d 910, 916–18 (11th Cir. 1990) (discussing the factors and evidence presented by each party about defendant's risk). These factors are (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the accused, (3) the history and characteristics of the accused, and (4) the nature and seriousness of the danger the accused poses to any person or the community. 18 U.S.C. § 3142(g)(1-4). The Magistrate Judge stated both at the hearing and in his Order that he considered these factors. Dkt. No. 68 at 2. Accordingly, "risk" as it is used in § 3142 does not render the statute unconstitutionally vague.

For these reasons, Defendant's appeal from the Magistrate Judge's denial of his motion for release from custody, dkt. no.

70, is **DENIED**. The Court **AFFIRMS and ADOPTS** the Magistrate Judge's detention order.

**SO ORDERED** this 25th day of October, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA