IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:24-cr-5 |
| ANDRE TWITTY, | |
| Defendant. | |

### **O R D E R**

The Government filed a Second Superseding Indictment on December 4, 2024. Doc. 81. Defendant Twitty's arraignment on the Second Superseding Indictment occurred on December 19, 2024. At the arraignment, I addressed the status of Defendant's pending motions. Defendant stated his standby counsel would file two additional motions that same day, December 19, 2024, resulting in 31 total pending motions. Defendant also stated he anticipated filing a motion challenging the Second Superseding Indictment, contingent on additional information provided by the Government regarding grand jury testimony related to the Second Superseding indictment.

At the December 19, 2024 hearing, I set—and now memorialize—the following deadlines:

1. Defendant must file any motion challenging the Second Superseding Indictment based on grand jury testimony (or lack thereof) **on or before January 3, 2025**.

2. The Government must file its response to all of Defendant's pending motions **on or before January 10, 2025**. This includes docket numbers 75, 80, 84, 87, 89, 90 (all of which have not yet been responded to) and any forthcoming any motion challenging the Second Superseding Indictment based on grand jury testimony. The Government is permitted to file a consolidated response.

Defendant has filed dozens of motions in this case, many of which are duplicative, raising the same or nearly the same issues, and, at times, appear to rely on or incorporate other filings. I held a motions hearing on Defendant's pending motions on November 4, 2024. Since then, Defendant has filed five more motions and intends to file a sixth. Additionally, the deadline for filing pretrial motions was September 30, 2024, doc. 60, but Defendant ignored that deadline, filing at least seven pretrial motions after the deadline. Defendant's approach to filing pretrial motions has complicated and delayed resolution of his motions. To be sure, the Government's decision to seek two separate superseding indictments has also delayed the case some. Regardless, at the December 19, 2024 arraignment, Defendant stated unequivocally that he does not seek to file any other motions, aside from a motion challenging the Second Superseding Indictment based on grand jury testimony. Defendant expressed his clear desire to proceed to trial.

With all that in mind, I provided Defendant with approximately two weeks to file his motion challenging the Second Superseding Indictment based on grand jury testimony. I also provided a short amount of time for the Government to respond to Defendant's forthcoming motion and any other pending motions. Absent extraordinary circumstances, no additional time for pretrial motions or responses will be permitted. Defendant is allowed to file a motion challenging the Second Superseding Indictment based on grand jury testimony, but he is not allowed to file any other motion. The time for filing any other motions has passed. The Court will rule on all pending motions in due course. Any additional motion filed not in accordance with the instructions in this Order will likely be summarily denied, particularly if that motion could have been filed earlier.

The Court finds, as a matter of fact and law, the time the Defendant has requested to file any challenge to the Second Superseding Indictment based on grand jury testimony, and the time needed for the Government to respond to Defendant's motions, is not for the purpose of delay, but in the furtherance of justice, and to protect Defendant's right to a fair trial. The Court also finds the request is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for Defendant and the Government's counsel to effectively prepare their case. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting the extension outweigh the best interests of the public and Defendant in a speedy trial, the Court grants the requested time. The period of time—December 19, 2024 through and including January 10, 2025—is excluded in computing the time within which trial of this matter may commence.

**SO ORDERED**, this 31st day of December, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA