# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDRE TWITTY,<br><br>Defendant. | CASE NO.: 2:24-cr-5 |

## **O R D E R**

Defendant Andre Twitty has filed a plethora of Motions in this case.[1] The Government filed a consolidated Response in opposition to several of these Motions. Doc. 72. Defendant filed a Reply. Doc 78. I held a hearing on these and other motions on November 4, 2024, at which Defendant, proceeding pro se, and the Government provided argument. Defendant filed several additional motions after that date. For the following reasons, the Court **DENIES** the following Motions:

1. Defendant's Motions for Subpoenas, docs. 29, 30, 48;

2. The parties' Motions Regarding Prior Bad Acts, docs. 28, 46;

3. Defendant's Motion to Object to Proffered Hearsay, doc. 31;

4. Defendant's Motion for Proposed Jury Instructions, doc. 50;

5. Defendant's Motion for Franks Hearing, doc. 71;

6. Defendant's Speedy Trial Motion, doc. 90; and

7. Defendant's Motion for Release Pending Trial, doc. 90.

---

[1] Defendant has filed a number of dispositive motions, which will be addressed in a separate Report and Recommendation.

## BACKGROUND

The Government obtained an initial Indictment in this matter. Doc. 1 (filed on June 4, 2024). The Government then obtained a Superseding Indictment. Doc. 58 (filed Sept. 4, 2024). The Government obtained a Second Superseding Indictment. Doc. 82 (filed on Dec. 4, 2024). The Second Superseding Indictment contains two charges. Count One alleges that Defendant violated 18 U.S.C. § 876(c) when he:

> knowingly deposited in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and knowingly caused to be delivered by the Postal Service according to the directions thereon, a letter addressed to Victim #1, a federal law enforcement officer, known to the Grand Jury, with intent to communicate a true threat to injure Victim #1 and with the knowledge that it would be viewed as a true threat.

Id. at 7. Count Two alleges that Defendant violated 18 U.S.C. § 115(a)(1)(B) when he:

> knowingly threatened to assault and murder Victim #2, Federal law enforcement officers, known to the Grand Jury, with the intent to impede, intimidate, and interfere with such officials while engaged in the performance of their official duties and with intent to retaliate against such officials on account of the performance of official duties.

Id. at 8.

Defendant, proceeding pro se, has filed numerous Motions. Pertinent to this Order, he has filed motions for subpoenas, requesting material personal possessions, documents, and witnesses. Docs. 29, 30, 48. Defendant has also filed multiple motions to limit the Government's use of evidence of any prior bad acts under Federal Rules of Evidence 403 and 404(b). Docs. 28, 46. Defendant makes a pretrial hearsay challenge, seeking to exclude "any proffered hearsay testimony." Doc. 31. Defendant additionally moves to submit proposed jury instructions. Doc. 50. Defendant moves for a Franks evidentiary hearing. Doc. 71. Finally, Defendant moves for a speedy trial and for release pending trial. Doc. 90.

## DISCUSSION

I. **Defendant's Motions for Subpoenas**

In his Motions for Subpoenas, Defendant seeks broad swaths of physical and documentary evidence, including "photo copies of Defendant's Swire Coca Cola work ID, Colorado driver's license, and Social [S]ecurity card." Doc. 29 at 2. Defendant seeks emails, letters, transcripts, documents, and remedies "still in the possession of Bureau of Prisons staff at FCI-Jesup." Id. Defendant seeks photographs from his cell phone. Id. Defendant also wishes to subpoena multiple witnesses, mostly consisting of prison staff, as well as one United States District Judge. Docs. 30, 48.

The Government does not expressly oppose Defendant's subpoenas as to witnesses. Doc. 72 at 27. Regarding Defendant's requests to subpoena physical evidence, the Government explains Defendant's Motion "is not clear or specific enough to craft an appropriate response" and states that "the Government has and will continue to comply with its discovery obligations." Id.

The Federal Rules of Criminal Procedure and this Court's Local Rules govern the issuance of subpoenas. Federal Rule 17 authorizes the parties in a criminal proceeding to request subpoenas of both witnesses and documents. Fed. R. Crim. P. 17. Importantly, however, "[s]ubpoenas are not discovery tools" but rather "are designed to secure the presence of witnesses and evidence at a scheduled trial, hearing, or other proceeding." Local Crim. R. 17(a); see United States v. Silverman, 745 F.2d 1386, 1397 (11th Cir. 1984) (explaining that Rule 17(c) "was not intended to provide an additional means of discovery for any party in criminal cases") (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). Rule 17 itself explicitly

contemplates this, explaining that a subpoena must "command the witness to attend and testify at the time and place the subpoena specifies." Fed. R. Crim. P. 17(a).

Defendant's subpoenas are general in nature—they request the appearance of witnesses and the production of documents, but they do not specify the setting at which those witnesses or documents will be utilized. While Defendant may request relevant subpoenas in anticipation of trial or a hearing, those subpoenas must contain specific details regarding what documents are requested, the identity of the witness sought, and the time and place of appearance or production. Additionally, Defendant must submit individualized subpoena requests. For example, Defendant shall not seek the appearance of multiple witnesses in a single subpoena. Additionally, Defendant shall not ask multiple third-party witnesses to produce documents in a single subpoena. As such, the Court **DENIES** Defendant's Motions for Subpoenas, docs. 29, 30, 48.

II.     **The Parties' Motions Regarding Prior Bad Acts Evidence**

    A.     **Defendant's Motions**

Defendant filed a Motion to "exclude Defendant's prior convictions that are more than ten years old in accordance with Rule 609(b)," as well as "any other bad acts." Doc. 28. Defendant filed a second related Motion, based largely on the First Amendment. Doc. 46.

Defendant's Motions are due to be denied. In Document Number 28, Defendant makes generalized objections based on Federal Rules of Evidence 403, 404(b), and 609(b). Outside of reciting these Rules, Defendant fails to object to any specific piece of evidence and offers no basis for his objections. Thus, this Motion is too generalized and vague to grant. See United States v. Bryant, 608 F. Supp. 3d 1374, 1381 (S.D. Ga. 2022) (denying a defendant's evidentiary objections as "too vague to support excluding the evidence."); Robbins v. Robertson, Case No. 7:15-CV-00124, 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022) ("Motions in limine that are

broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied.") (citation and punctuation omitted); United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) ("In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds.") (citation omitted). In Document Number 46, Defendant makes one specific objection, arguing for exclusion of some prior statements as protected speech. The Eleventh Circuit Court of Appeals has never held that the First Amendment creates a categorical bar on otherwise admissible evidence, however. See, e.g., United States v. Beasley, 72 F.3d 1518, 1527 (11th Cir. 1996) ("A person's beliefs, superstitions, or affiliation with a religious group is properly admissible where probative of an issue in a criminal prosecution."). In sum, Defendant has not demonstrated a cognizable basis to categorically exclude any evidence in his Motions.

For these reasons, the Court **DENIES** Defendant's Motions to Exclude Evidence, docs. 28, 46. Defendant is free to object to specific pieces of evidence.

### B.     The Government's Motion

The Government has also filed its own Motion regarding the admissibility of intrinsic evidence. Doc. 34. The Government provides a summary of evidence it contends is "necessary to provide the relevant context, motive, and background of the charged offenses, and which is inextricably intertwined with Twitty's criminal conduct." Doc. 34 at 3. The summary, which the Government notes is only "a select portion" of the evidence it seeks to introduce, lays out a series of events dating back over 25 years' time. At the November 4, 2024 hearing regarding these Motions, the Government clarified its position, explaining that the purpose of the Motion is to satisfy potential obligations under Federal Rule of Evidence 404(b).

Under Rule 404, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If the Government seeks to admit evidence of another crime, wrong, or act, it must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(3)(A). The notice must be in writing and must articulate "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B)–(C).

Local Rule 16 also requires "[a] description of the general nature of any crime, wrong, or other act the Government intends to offer at trial under Federal Rule of Evidence 404(b) or other criminal activity the Government contends is intrinsic to the charged offense." Local Crim. R. 16B(b)(2). Intrinsic evidence is independently admissible and is either "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offenses, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offenses." United States v. Ford, 784 F.3d 1386, 1393 (11th Cir. 2015) (cleaned up).

The Government states that its Motion should be construed as a fulfillment of its obligations under Federal Rule of Evidence 404(b) and Local Rule 16B. Because it is properly characterized as a required pretrial disclosure—and not a request for a ruling on admissibility—the Court **DENIES** the Government's Motion in Limine, doc. 34.

### III. Defendant's Hearsay Objection

Defendant seeks exclusion of "any hearsay testimony by the Government." Doc. 31 at 1. The Federal Rules of Evidence define hearsay as a statement made while the declarant is not testifying at the current hearing or trial and offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. Hearsay testimony is broadly inadmissible, with exceptions. Fed. R. Evid. 802. The Court cannot, however, apply the Rule without a specific objectionable statement. The Court will adhere to the Federal Rules of Evidence and will rule on timely objections made to specific instances of hearsay. Therefore, the Court **DENIES** Defendant's blanket motion to exclude any hearsay testimony.

### IV. Defendant's Motion for Proposed Jury Instructions

Defendant has filed a Motion for Proposed Jury Instructions. Doc. 50. Local Rule 30 states: "Proposed jury instructions shall be numbered, include the full text of the requested instruction, and cite the authority on which the instruction is based." Local Crim. R. 30. The Federal Rules of Criminal Procedure contemplate the parties' instructions to the jury be made "at the close of evidence or at any earlier time that the court reasonably sets." Fed. R. Crim. P. 30. At this point, a trial date has not yet been set in the case, and there may be outstanding pretrial matters to address prior to trial. The Scheduling Order contemplates proposed jury charges will be filed just before trial. See Doc. 60 at 3 ("Unless otherwise instructed by the presiding District Judge, counsel shall file all requests to charge and proposed voir dire questions at least seven days before jury selection."). It is also unclear from Defendant's submission whether his single proposed instruction constitutes the full body of his requests. It would be premature at this stage to make a determination regarding jury instructions. At this time, the Court **DENIES** Defendant's Motion. Defendant is permitted to submit a complete set of requests to charge no

less than seven days prior to jury selection. Defendant is encouraged to utilize the Eleventh Circuit Pattern Jury Instructions, where appropriate.

V.      **Defendant's Motion for a <u>Franks</u> Evidentiary Hearing**

Defendant requests a <u>Franks</u> evidentiary hearing regarding alleged false testimony used to obtain the indictments in this case. I denied Defendant's Motion at the November 4, 2024 hearing on this matter, and I memorialize that denial in writing. The United States Supreme Court has held, in the context of search warrants, that the Fourth Amendment requires a hearing in certain circumstances. <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Specifically, a district court must hold an evidentiary hearing if the defendant makes a substantial showing that (1) a warrant affiant made intentionally false or recklessly misleading statements or omissions, and (2) those false statements were necessary to a finding of probable cause. <u>Id.</u> at 155–56. <u>Franks</u> implicates important Fourth Amendment concerns surrounding the search warrant procedure. Defendant alleges a concern about the grand jury proceedings, which implicates the Fifth Amendment, not the Fourth Amendment. <u>See</u> <u>Costello v. United States</u>, 350 U.S. 359, 361–62 (explaining that "the Fifth Amendment provides that federal prosecutions for capital or otherwise infamous crimes must be instituted by presentments or indictments of grand juries"). Therefore, the Court **DENIES** Defendant's Motion for a <u>Franks</u> evidentiary hearing.

VI.     **Defendant's Motion for a Speedy Trial**

Defendant requests a speedy trial, alleging that the Government has deliberately delayed this case. Plaintiff alleges that the Government has filed two superseding indictments in an "attempt at a tactical advantage." Doc. 90 at 3.

8

In response, the Government explains that any delay in this case was prompted by Defendant's many motions. In any case, the Government argues, Defendant has not made a showing that his speedy trial rights were violated. Doc. 97 at 9–10.

A.   **Whether the Speedy Trial Clock Has Run**

Under the Speedy Trial Act, the trial of a defendant generally must "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "The filing of a superseding indictment does not reset the Speedy Trial Act clock for charges that were included in the original indictment." Collins v. United States, 481 F. App'x 525, 527–28 (11th Cir. 2012) (citing United States v. Young, 528 F.3d 1294, 1295–97 (11th Cir. 2008)). Certain delay periods are excluded from the speedy trial clock, however. A "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. 18 U.S.C. § 3161(h)(1)(D). Also excluded is a delay "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. §3161(h)(1)(J).

The Government filed its first indictment on June 4, 2024. I held Defendant's initial appearance hearing on June 24, 2024. All superseding indictments charge the same conduct. Therefore, the speedy trial clock began on June 24, 2024.

Defendant filed his first pretrial motion on July 21, 2024. He continued to consistently file pretrial motions until I held a hearing on those motions on November 4, 2024. Defendant has continued to file additional motions since that date. At Defendant's initial appearance concerning the Second Superseding Indictment on December 19, 2024, I gave Defendant until

9

January 3, 2025, to file any additional pretrial motions he wished to submit.  I gave the Government until January 10, 2025, to file any responses.  Per my Order, Defendant made his filing on December 31, 2024, and the Government filed its response on January 10, 2025.  However, Defendant has continued to file pretrial motions after that date, as recently as June 23, 2025.

Twenty-seven days passed between Defendant's initial appearance and his first pretrial motion on July 21, 2024.  The hearing on most of Defendant's motions occurred on November 4, 2024.  At that point, Defendant's motions filed up to November 4, 2024, were under advisement.  However, Defendant continued to file additional motions.  Defendant filed additional Motions until April 17, 2025.  Those Motions were not ripe for review until May 1, 2025.  See United States v. Sawyer, Case No. CR411-207, 2011 WL 6132118, at *1 (S.D. Ga. Dec. 5, 2011) ("[A] pending motion will toll the speedy trial clock for a maximum of only thirty days from the deadline to file any response to the motion") (citing United States v. Jones, 601 F.3d 1247, 1254–56 (11th Cir. 2010)).  Motions under advisement, as noted above, toll the speedy trial clock by 30 days.  As such, the clock was tolled again until May 31, 2025.  Defendant filed another Motion on June 23, 2025, which tolled the clock again, through the date of this Order.  In any case, Defendant filed his speedy trial Motion on December 19, 2024.  On that date, the speedy trial clock was paused and had not run the full statutory period yet.

In addition, even if Defendant's speedy trial concerns had merit, the ends of justice in this case would justify a period of delay.  The Speedy Trial Act allows the Court, on its own motion, to exclude from the speedy trial clock "[a]ny period of delay resulting from a continuance . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  To

10

date, Defendant has filed at least 35 pretrial motions, the large majority of which have been dispositive motions. Some of these motions required oral argument, and resolving them requires the Court to issue numerous rulings. For trial to move forward without adequate consideration and disposition of Defendant's motions would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i) ("The factors, among others, which a judge shall consider in determining whether to grant a continuance" include "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."); see United States v. Mainor, Case No. 3:04-cr-206, 2005 WL 1866408 (M.D. Fla. July 29, 2005) (denying a defendant's Speedy Trial Act motion when any delay in the case was largely caused by the defendant filing numerous motions).

### B.    Whether a Constitutional Violation Occurred

The Constitution guarantees criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. The Court must "set aside any judgment of conviction, vacate any sentence imposed, and dismiss the indictment if it finds a violation of the defendant's right to a speedy trial." United States v. Cruz, 681 F. App'x 819, 822 (11th Cir. 2017) (quoting United States v. Villareal, 613 F.3d 1344, 1349 (11th Cir. 2010)). To determine whether a delay violates a defendant's constitutional speedy trial rights, courts weigh four factors: (1): the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial rights; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530–32 (1972).

The length of the delay is a threshold inquiry. Courts do not proceed to weigh the other three factors unless a defendant alleges "that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Villareal, 613 F.3d at 1350 (citations omitted). "Delays exceeding one year are generally found to be

'presumptively prejudicial.'" United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006) (quoting Doggett v. United States, 505 U.S. 647, 651 n.1 (1992)).

The Government filed its first indictment in this case on June 4, 2024, roughly six months before Defendant filed his speedy trial motion. Defendant provides no reason why this delay is presumptively prejudicial. Because Defendant has not shown why the delay in this case is presumptively prejudicial, there is "no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530. Defendant's speedy trial rights have not been violated. Therefore, the Court **DENIES** Defendant's Speedy Trial Motion.

## VII.   Defendant's Motion for Release Pending Trial

Defendant moves for release pending trial. In support, Defendant contends he is entitled to release by reiterating arguments he has made in various motions to dismiss. Doc. 90 at 6. Defendant alleges the nature of the charges as "non-violent" supports his arguments. Id. at 6–7. Defendant also contends he has previously complied with conditions of supervised release. Id. at 8. Defendant argues he should be released pending trial because, he alleges, I have referred to the Government's evidentiary position as "untenable."[2] Id at 6.

Defendant previously filed a motion for release. Doc. 38. The Court held a hearing based on the Bail Reform Act. 18 U.S.C. § 3142(f). The Court denied Defendant's motion. Doc. 68. Defendant renews his motion here, but the hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the

---

[2] This argument is without merit, as explained in this Order. Additionally, Defendant has mischaracterized my statement. At the November 4, 2024 hearing, the Government discussed its motion in limine, doc. 34, addressed elsewhere in this Order. The Government sought an admissibility determination regarding a large amount of evidence. I stated: "To offer a categorical ruling that all of the evidence is admissible seems sort of untenable at this point." That statement expresses no position on the merits of the Government's evidence, and I have taken none.

hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Defendant's allegations do not include any new information that has a material bearing on conditions of release. Defendant largely makes legal arguments similar to those in his pending motions to dismiss rather than presenting new factual information. These are not valid grounds to reconsider the Court's prior decision. Because Defendant has not presented any new information, unknown to him at the time of the hearing, that has material bearing on conditions of release, his Motion is without merit. Therefore, the Court **DENIES** Defendant's Motion for Release Pending trial.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the following Motions:

1. Defendant's Motions for Subpoenas, docs. 29, 30, 48;
2. The parties' Motions Regarding Prior Bad Acts, docs. 28, 46;
3. Defendant's Motion to Object to Proffered Hearsay, doc. 31;
4. Defendant's Motion for Proposed Jury Instructions, doc. 50; and
5. Defendant's Motion for <u>Franks</u> Hearing, doc. 71.
6. Defendant's Speedy Trial Motion, doc. 90; and
7. Defendant's Motion for Release Pending Trial, doc. 90.

**SO ORDERED**, this 30th day of June, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA