# In the United States District Court for the Southern District of Georgia Brunswick Division

UNITED STATES OF AMERICA,

v.

ANDRE J. TWITTY,

Defendant.

2:24-cr-5

## ORDER

Defendant filed an appeal of the Magistrate Judge's Order denying his speedy trial motion. Dkt. No. 125 (referring to Dkt. No. 117). Defendant also filed an Objection to the Magistrate Judge's Order denying his Motion for Release. Dkt. No. 129 (referring to Dkt. No. 119). Defendant then filed an Objection to the Magistrate Judge's Order denying standby counsel's motion to withdraw. Dkt. No. 130 (referring to Dkt. No. 126). The Court construes each of Defendant's filings as motions to reconsider the Magistrate Judge's Orders.[1] The Court **DENIES** Defendant's Motions.[2]

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82).

[2] While motions for reconsideration are not expressly authorized under the Federal Rules of Criminal Procedure, federal district courts "necessarily have substantial discretion in ruling on motions for

I.   **Defendant's Speedy Trial Arguments**

Defendant filed a motion for speedy trial.[3] Dkt. No. 90. The Magistrate Judge denied Defendant's motion, finding that, at the time Defendant filed the motion, the speedy trial clock had not run. Dkt. No. 117 at 8-12. The Magistrate Judge also found that the ends of justice would justify a period of delay even if Defendant's speedy trial concerns had merit. Id. at 10-11. The Magistrate Judge concluded that the volume of motions Defendant filed, many of which are dispositive and some of which have required oral argument, justified any delay. Id.

Defendant then filed this Motion, arguing that the Magistrate Judge erred by "denying Defendant's motion to dismiss the indictment, due to Speedy Trial violations." Dkt. No. 125 at 1. Defendant argues that the Magistrate Judge did not make any findings that the ends of justice warranted a continuance. Id. at 2. Defendant also argues that the Magistrate Judge erred by omitting that the Court "had already ruled on a number of defendant's motions as early as July 31, 2024." Id. at 3.

---

reconsideration" and "generally employ the standards underlying motions for reconsideration in civil cases." United States v. Razz, 387 F. Supp. 3d 1397, 1401-02 (S.D. Fla. June 21, 2019) (citations and punctuation omitted).

[3] Defendant characterizes his original motion as a "motion to dismiss." Dkt. No. 125 at 1. In the motion itself, however, Defendant merely requested a speedy trial and did not request dismissal of the Indictment. Dkt. No. 90.

2

Defendant also argues that the Magistrate Judge erred by granting "continuances" to the Government and to standby counsel. Id.

Defendant's arguments are without merit. First, the Magistrate Judge accurately determined that the speedy trial clock had not run on the date that Defendant filed his speedy trial motion. Dkt. No. 117 at 9-10. Second, the Magistrate Judge clearly made findings on the record that the ends of justice would justify a period of delay in the event the speedy trial clock had run. Id. at 10-11. Third, Defendant's allegation that the Court ruled on a number of Defendant's pretrial motions on July 31, 2024, is not true. The Magistrate Judge issued his Report and Recommendation regarding the pretrial motions cited by Defendant in his argument on July 22, 2025. Dkt. No. 116. The Court did not rule on any pretrial motions on July 31, 2024. Finally, the Court has not granted the Government or standby counsel any continuances in this case.[4]

For these reasons, Defendant's arguments urging reconsideration of the Court's Order denying his motion for speedy trial are wholly unconvincing. Defendant's Motion to Reconsider, dkt. no. 125, is **DENIED**.

---

[4] Defendant has made similar "continuance"-based arguments in other Motions. See Dkt. No. 109. Defendant has possibly misconstrued a leave of absence as a continuance. See Dkt. No. 118. Attorneys for the Government and standby counsel have been granted periodic leaves of absence. The Court clarifies here that a leave of absence taken by any attorney does not constitute a continuance in any form.

3

## II. Defendant's Arguments for Release

Defendant's arguments for release pending trial are entirely duplicative of his speedy trial arguments raised above, with the exception that he also cites 18 U.S.C. § 3164(b)'s requirement that a trial commence for individuals held in pretrial detention within 90 days of the start of detention. Defendant's arguments lack merit for the same reasons that his speedy trial arguments above lack merit. In addition, § 3164's 90-day clock is still subject to 18 U.S.C. § 3161(h)'s excludable periods of delay. Further, none of these arguments implicate the standards applicable to the Bail Reform Act, and Defendant's allegations do not raise any additional argument that would have changed the Magistrate Judge's Order.

Therefore, Defendant's arguments urging reconsideration of the Court's Order are not convincing. Defendant's Motion is **DENIED**.

## III. Defendant's Arguments Regarding Withdrawal of Standby Counsel

Standby counsel, Marvin Hicks, III, filed a motion to withdraw. Dkt. No. 112. The Magistrate Judge denied the motion. Dkt. No. 126. The Magistrate Judge found that "[n]o circumstance in this case has changed that would affect" standby counsel's function "to serve as an observer who could offer some advice but would not speak on behalf of any pro se Defendant or act as their counsel." Id. at 1. Defendant filed "objections to the denial of

4

Attorney Hicks['s] motion to withdraw" but presents no argument in support. Dkt. No. 130. As such, Defendant has provided no reason for the Court to reconsider its Order. Accordingly, Defendant's Motion is **DENIED**.

**SO ORDERED**, this 9 day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA