# In the United States District Court for the Southern District of Georgia Brunswick Division

UNITED STATES OF AMERICA,

v.

ANDRE J. TWITTY,

Defendant.

2:24-cr-5

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to deny Defendant's Motion to Dismiss. Dkt. No. 127. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the Court.[1] Dkt. Nos. 133, 134.

Defendant filed a Motion to Dismiss, alleging violations of his constitutional and statutory rights to a speedy trial. Dkt. No. 114. In the Motion, Defendant argues that his criminal case has been pending for over one year. Id. at 2. Defendant argues that this delay violates his speedy trial rights and "mandates dismissal of the indictment." Id. The Magistrate Judge concludes that the Speedy Trial Act clock has not run, and that, at most, 50

---

[1] Defendant does not expressly state the Objections are to the Report and Recommendation at Docket Number 127. However, Defendant's arguments are directly responsive to the Magistrate Judge's conclusions in that Report and Recommendation. Therefore, the Court construes Defendant's filings as Objections to the Report and Recommendation.

non-excludable days have passed since the Indictment. Dkt. No. 127 at 3. The Magistrate Judge also concludes that the ends of justice favor a delay in this case, considering the large volume of motions, many of which seek dismissal of the charges. The Magistrate Judge also concludes that no constitutional violation has occurred. Id. at 3-6.

In his Objections, Defendant argues that the Court has "deliberately but illegally [restarted] the speedy trial clock." Dkt. No. 133 at 3; see Dkt. No. 134 at 4-5. Defendant argues "[t]he filing of the superseding indictment did not restart the clock." Id. Defendant also argues that the Magistrate Judge did not make on-the-record findings that the ends of justice require a continuance of the speedy trial clock. Dkt. No. 134 at 2.

Defendant's arguments are not convincing. Defendant's argument that the Court has "restarted" the speedy trial clock is simply incorrect. As the Magistrate Judge explains, the speedy trial clock "began on June 24, 2024, the date of Defendant's initial appearance and arraignment." Dkt. No. 127 at 2. The Magistrate Judge accurately calculates the excludable time between that date and the present and concludes that neither the Speedy Trial Act and nor the Constitution's guarantee of a speedy trial have been violated. The Court concurs with and adopts the Magistrate Judge's reasoning.

2

Defendant's argument that the Magistrate Judge did not make any findings concerning the ends of justice is similarly incorrect. The Magistrate Judge explains that the volume of pending pretrial motions, many of which have been dispositive motions requiring oral argument, justifies a period of delay in this case. Id. at 3. Thus, the Magistrate Judge in fact did make findings that the ends of justice would justify any period of delay. Furthermore, the undersigned expressly finds that the ends of justice justify any period of delay that has occurred in this matter.

After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. The Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED**, this 9 day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA