# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

v.

2:24-cr-5

ANDRE J. TWITTY,

Defendant.

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.[1] Dkt. Nos. 122, 124, 128. After conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Defendant's Objections.

## BACKGROUND

The Government obtained a Second Superseding Indictment from the grand jury. Dkt. No. 81. In count one, the Government alleges that Defendant, while housed at the Federal Correctional

---

[1] In one of Defendant's Objections, he states that he did not receive the Magistrate Judge's full Report and Recommendation. Defendant states he "only received pages 1-21, pages 22-33 are missing." Dkt. No. 128 at 1. The Clerk of Court has mailed a copy of the Report and Recommendation to Defendant, which is noted on the docket. Dkt. entry dated Aug. 1, 2025. The Court will consider any timely objections Defendant files in response to the pages he claims are missing.

Institution in Jesup, Georgia ("FCI Jesup"), sent seven letters to an FBI agent ("Victim #1") assigned to investigate threats Defendant allegedly made. Id. at 4. The Government alleges that at least one of these letters constituted a threat directed at Victim #1. Id. at 7. The Government, therefore, alleges that Defendant violated 18 U.S.C. § 876(c) when he:

> knowingly deposited in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and knowingly caused to be delivered by the Postal Service according to the directions thereon, a letter addressed to Victim #1, a federal law enforcement officer, known to the Grand Jury, with intent to communicate a true threat to injure Victim #1 and with the knowledge that it would be viewed as a true threat.

Id.

The Government alleges in count two that Defendant met with a Bureau of Prisons Unit Manager at FCI Jesup and, at the meeting, said that he would report to the Probation Office in Atlanta, Georgia, to "kill everyone who works there." Id. at 6. The Government identifies members of the United States Probation Office in Atlanta, Georgia, collectively as "Victim #2." Id. The Government, therefore, alleges that Defendant violated 18 U.S.C. § 115(a)(1)(B) when he:

> knowingly threatened to assault and murder Victim #2, Federal law enforcement officers, known to the Grand Jury, with the intent to impede, intimidate, and interfere with such officials while engaged in the performance of their official duties and with intent to retaliate against such officials on account of the performance of their official duties.

Id. at 8.

The Government has filed three separate charging documents (i.e., the original Indictment, the First Superseding Indictment, and the Second Superseding Indictment). Defendant has filed more than 30 pretrial motions in this action, many of which seek dismissal of the charges. The Magistrate Judge entered a Report and Recommendation, recommending denial of 27 motions that seek dispositive relief. Defendant filed three sets of objections responsive to the Magistrate Judge's Report and Recommendation.[2] Dkt. Nos. 122, 124, 128.

### DISCUSSION

Defendant's Objections are duplicative and somewhat hard to follow. Having thoroughly reviewed those Objections, the Court can identify four main enumerations of error asserted by Defendant. First, Defendant argues that count two fails because 18 U.S.C. § 115 is unconstitutional for want of a "jurisdictional element." Dkt. No. 122 at 2. Second, Defendant argues that count two fails because 18 U.S.C. § 115 cannot be applied to Victim #2 because "probation officers are not law enforcement officers" and they

---

[2] Defendant filed several motions before and after the Magistrate Judge issued the Report and Recommendation. The Magistrate Judge and the undersigned have issued several different rulings addressing Defendant's motions. See Dkt. Nos. 117, 118, 119, 126, 127. Defendant has challenged many of these rulings. See Dkt. Nos. 122, 124, 125, 128, 129, 130, 134. Defendant's filings are often tangled and duplicative, and he at times raises arguments challenging multiple Reports and Recommendations and Orders within the same document. The Court has endeavored to identify each independent argument that Defendant has raised. This Order addresses only arguments directly responsive to the Magistrate Judge's Report and Recommendation at Docket Number 116.

3

were not engaged in official duties at the time Defendant allegedly threatened them. Id. at 5. Third, Defendant argues that the Magistrate Judge mischaracterized his arguments surrounding prosecutorial misconduct. Dkt. No. 124 at 2. Finally, Defendant alleges generally that the Magistrate Judge—and the District Court more generally—are engaged in a conspiracy against him. Id. at 1. The Court will address each argument in turn.

I. **Section 115 Is Not Unconstitutional**

Defendant filed a motion to dismiss the indictment, arguing that 18 U.S.C. § 115 is unconstitutional because it does not include an element concerning interstate commerce. Dkt. No. 24. The Magistrate Judge concludes that 18 U.S.C. § 115 is a constitutional exercise of Congress's Article I powers independent of the Commerce Clause. Dkt. No. 116 at 23-25. Defendant makes substantially the same arguments in his Objections that he made in his Motion. Dkt. No. 122 at 4; Dkt. No. 128 at 1, 3.

Defendant's argument appears to be that, for a statute to be constitutional, it must recite an element linking the statute to interstate commerce. However, as the Magistrate Judge explains, Article I of the Constitution enumerates eighteen separate bases for Congress's statutory authority. See generally U.S. Const. art. I, § 8. The Commerce Clause, which allows Congress to regulate interstate commerce, is just one of these bases. If Congress exercises its legislative authority pursuant to any one

of its other seventeen enumerated powers, Congress need not establish a connection to interstate commerce. The Magistrate Judge accurately explains that § 115, which protects federal law enforcement officers, directly implicates the Government's ability to execute the laws. Dkt. No. 116 at 24. The Magistrate Judge also describes numerous statutes that Congress has passed protecting the federal law enforcement function, none of which implicate interstate commerce.

Because Congress clearly acted within its authority to enact § 115, the Court concurs with and adopts the Magistrate Judge's conclusion that § 115 is not unconstitutional.

## II. Probation Officers Are Protected by 18 U.S.C. § 115

In another Motion, Defendant contends that probation officers are not federal officials protected by 18 U.S.C. § 115. Dkt. No. 45. The Magistrate Judge concludes that the statute does apply to probation officers insofar as they are included in the definition of "federal law enforcement officer." Dkt. No. 116 at 21. In his Objections, Defendant reiterates his arguments, stating that probation officers are not law enforcement officers and the probation officers here were not performing their official duties. Dkt. No. 122 at 5; Dkt. No. 128 at 7.

Defendant's arguments are not convincing. The statutory text reads in relevant part:

> Whoever . . . threatens to assault, kidnap, or murder, a United States official, a United States judge, a

5

> Federal law enforcement officer, or an official whose killing would be a crime under [18 U.S.C. § 1114] with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished . . . .

18 U.S.C. § 115(a)(1)(B). The Magistrate Judge accurately explains that federal probation officers plainly fall within the definition of "federal law enforcement officer." Dkt. No. 116 at 21-22.

In addition, Defendant's contention that the officers defined as Victim #2 were not performing their official duties lacks merit. Defendant argues that "a probation officer's duties do not begin until the probationer is released from prison." Dkt. No. 128 at 7. Under the plain language of the statute, whether probation officers are engaged in the performance of official duties does not depend on whether the person threatening them is currently on supervised release. Section 115 merely requires that an individual make a threat against a federal law enforcement officer while the officer is engaged in the performance of official duties. Therefore, Defendant's Objections are without merit. The Court concurs with and adopts the Magistrate Judge's conclusions.

### III. The Magistrate Judge Did Not Mischaracterize Defendant's Prosecutorial Misconduct Arguments

Defendant filed several Motions alleging prosecutorial misconduct, based largely on allegations of fraudulent statements allegedly made by prosecutors to the grand jury. Dkt. Nos. 25,

6

41, 43, 47, 51, 65, 66, 75, 80, 87. The Magistrate Judge recommends denial of those Motions. Dkt. No. 116 at 25-29. In his Objections, Defendant argues that the Magistrate Judge "lied" by not favorably crediting his citations to Prospero v. Sullivan, Case No. 2:20-cv-110, 2023 WL 9023287 (S.D. Ga. Dec. 29, 2023). Dkt. No. 124 at 3.

Prospero was civil case in this Court that involved a question of whether an arrest warrant passed constitutional muster under Franks v. Delaware, 438 U.S. 154 (1978), including the potential impact of material misstatements of fact on the constitutionality of the arrest warrant. The Magistrate Judge correctly explains that a grand jury indictment is functionally and procedurally distinct from an arrest warrant. Dkt. No. 116 at 28. Thus, the standards that apply when evaluating arrest warrants are not applicable to grand jury indictments, and this Court's ruling in Prospero is inapposite to this case. The Court, therefore, concurs with and adopts the Magistrate Judge's analysis.

## IV. Defendant's Remaining Arguments Are Without Merit

Throughout his Objections, Defendant argues that the Magistrate Judge and the Court more generally have conspired with prosecutors. Dkt. No. 122 at 1. Defendant accuses the Court of a "cover-up." Dkt. No. 124 at 3. He states that the Court's location in Southern Georgia means that he "does not expect any justice from this Court." Dkt. No. 128 at 8.

7

Defendant has made similar arguments from the inception of this case. The Court has thoroughly evaluated the record and finds no basis for Defendant's generalized accusations. These arguments present no error in the Magistrate Judge's analysis.

## CONCLUSION

After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court.

**SO ORDERED**, this 18 day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA