IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

ANDRE TWITTY,

    Defendant.

CASE NO.: 2:24-cr-5

**O R D E R**

Defendant filed a Motion for Subpoenas. Doc. 152. The Government filed a Response. Doc. 167. Defendant asks the Court to issue subpoenas for the testimony of the following persons:

1. Federal Bureau of Investigation ("FBI") Agent David Love;

2. United States Probation Officer Ashlie Diener;

3. FBI Agent Paul Allen;

4. Bradford Snider;

5. United States Senior District Court Judge R. Brooke Jackson;

6. Unknown U.S. Probation Officers;

7. Chief United States Probation Officer Donna High;

8. United States Marshal Van Grady;

9. Federal Correction Institution, Jesup ("FCI Jesup") Unit Manager K. Chellis;

10. FCI Jesup Unit Secretary Ms. Harris;

11. Correctional Officer-"UNICOR";

12. FCI Jesup Inmate Fernandez Webb;

Defendant also asks the Court to issue subpoenas for the following documentary evidence: "Bureau of Prisons Central File[] and specifically copy of the 1984 "Angry Black Man Poem that was sent to the warden's office on or about 2003;" and "All BOP grievances filed against witness Chellis while at FCI Jesup."

Federal Rule of Criminal Procedure 17(b) requires the Court to order that a subpoena be issued if the defendant shows an inability to pay the witness's fees and shows the necessity of the witness's presence for an adequate defense. A defendant "bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony." United States v. Rinchack, 820 F.2d 1557, 1566 (11th Cir. 1987). Defendant appears to have satisfied these requirements for one witness. However, Defendant has not shown that other witnesses' testimony is necessary for an adequate defense. Further, some of Defendant's requests are not specific enough to support issuance of a subpoena.

The Court **GRANTS in part** Defendant's Motion. The Clerk of Court shall issue a subpoena to Fernandez Webb for testimony at trial.[1]

The Court **DENIES** Defendant's Motion, however, as to the following persons: FBI Agent David Love; United States Probation Officer Ashlie Diener; FBI Agent Paul Allen; Bradford Snider; United States Senior District Court Judge R. Brooke Jackson; Unknown U.S. Probation Officers; Chief United States Probation Officer Donna High; United States Marshal Van Grady; FCI Jesup Unit Manager K. Chellis; FCI Jesup Unit Secretary Ms. Harris; and Correctional Officer-"UNICOR".

---

[1] The Court has not identified a federal inmate named "Fernandez Webb." Fernandezus Leon Webb, Register Number 37706-510, is an inmate currently housed at Petersburg Medium FCI, and who was housed at FCI Jesup during the relevant timeframe. The U.S. Marshals shall endeavor to ensure the appearance of this witness.

2

Most of Defendant's requests seek subpoenas for individual government employees or categories of government employees to appear at trial. Federal regulations require a party seeking a subpoena from government actors to follow a specific process. Section 16.23(c) of Title 28 of the Code of Federal Regulations requires a party seeking oral testimony to submit an affidavit or statement to the Department of Justice before the Department can consider providing the requested testimony. Regulations like this have been held constitutional under United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). Defendant has not shown he followed this procedure in relation to David Love, Paul Allen, Bradford Snider, Ashlie Diener, Van Grady, K. Chellis, and Ms. Harris. Further, the Government states in its Response that it intends to call David Love, Ashlie Diener, and K. Chellis as witnesses, and Defendant will have the opportunity to examine them. Doc. 167.

As to the Judge Jackson, the federal judiciary has its own Touhy policies requiring a similar process for approval of subpoenas directed at judicial employees. See Guide to Judiciary Pol'y, Vol. 20, § 820(a). This policy makes clear that federal judicial personnel may not provide testimony "except as authorized in accordance with these regulations." Id. Defendant has not shown that he satisfied the requirements of this policy. As such, a subpoena directed at the judge would not be appropriate. Further, Defendant has not demonstrated that the judge's testimony would be relevant to this case. Judge Jackson is not an alleged victim under either charged offense, and there is no indication that he was exposed to any alleged threat. Further, "[w]hile a judge enjoys no special privilege from being subpoenaed as a witness, it is imperative when he is called to testify as to action taken in his judicial capacity, to carefully scrutinize the grounds set forth for requiring his testimony." United States v. Dowdy, 440 F. Supp. 894, 896 (W.D. Va.

1977). Here, Defendant has not demonstrated the relevance or necessity of Judge Jackson's testimony.

As a probation officer, Donna High is also a judicial employee. Probation officers fall under the same judiciary policy as federal judges. Further, Defendant merely states that her testimony "is relevant and material to what is alleged in Count Two." Doc. 152 at 2. This does not establish that Donna High's testimony is necessary for his defense. The Government alleges in Count Two of the Superseding Indictment that Defendant threatened federal probation officers. Donna High's role as Chief Probation Officer alone does not establish that her testimony is necessary for Defendant to put on his defense. In addition, the Government states in its Response that it intends to call United States Probation Officer Alexander Moody as a witness and Defendant will be able to cross-examine him at trial. Doc. 167 at 3. Thus, Donna High's testimony is likely cumulative, at best.

Defendants' subpoena requests regarding unknown U.S. probation officers and "Correctional Officer" are far too vague to be served. The Court will not issue a subpoena if Defendant does not specifically identify the non-parties to be served.

Regarding Defendant's subpoena requests for documentary evidence, his requests are not addressed to any specific third-party actor. Rule 17 provides for documentary subpoenas, but the subpoena must be directed at a witness. Fed. R. Crim. P. 17(c)(1). Defendant's documentary requests are not directed at any specific witness and, thus, cannot be served. Therefore, the Court **DENIES** Defendant's subpoena requests for documents and objects.

**SO ORDERED**, this 3rd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA