IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ANDRE TWITTY,<br><br>        Defendant. | CASE NO.: 2:24-cr-5 |

# O R D E R

This case is set for trial, starting on October 7, 2025.  The Government filed omnibus Motions in Limine.  Doc. 156.  Defendant filed a Response.  Doc. 172.  For the following reasons, I **GRANT** the Government's Motions.

## BACKGROUND

The Government alleges in the Second Superseding Indictment that Defendant Andre Twitty violated 18 U.S.C. § 876(c) when he:

> knowingly deposited in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and knowingly caused to be delivered by the Postal Service according to the directions thereon, a letter addressed to Victim #1, a federal law enforcement officer, known to the Grand Jury, with intent to communicate a true threat to injure Victim #1 and with the knowledge that it would be viewed as a true threat.

Doc. 81 at 7 ("Count One").  The Government further alleges that Defendant violated 18 U.S.C. § 115(a)(1)(B) when he:

> Knowingly threatened to assault and murder Victim #2, Federal law enforcement officers, known to the Grand Jury, with the intent to impede, intimidate, and interfere with such officials while engaged in the performance of their official duties and with intent to retaliate against such officials on account of the performance of official duties.

Id. at 8.  ("Count Two").

**DISCUSSION**

I. **Motion to Preclude Testimony, Evidence, and Argument Regarding Lack of Intent to Cause Harm or Carry Out Threatened Action**

The Government argues that Defendant may attempt to introduce evidence or argument that he had neither the intent nor ability to carry out threats he allegedly made, including testimony that he had "planned a life" with a potential witness. Doc. 156 at 2–4. The Government argues that this evidence or argument would be irrelevant to the charged conduct because neither 18 U.S.C. § 876(c) nor 18 U.S.C. § 115(a)(1)(B) criminalize the carrying out of a threat. Id.

The Government is correct. Section 876 criminalizes communications containing a threat to kidnap or injure. Section 115 criminalizes threats to "assault, kidnap, or murder" a federal law enforcement officer. These statutes do not require a defendant to intend to carry out the threat. In other words, the speaker "does not have to actually intend to carry out the threat for the statement to constitute a true threat." United States v. Fleury, 20 F.4th 1353, 1365 (11th Cir. 2021) (quoting Virginia v. Black, 538 U.S. 343, 359 (2003)).

The Government's burden of proof at trial does not require the Government to prove that Defendant intended to carry out any alleged threats. Therefore, evidence and argument that Defendant did not intend to carry out those threats would be irrelevant to the jury's ultimate decision. Because of that, Defendant is precluded from offering any evidence or argument that he did not intend to carry out the alleged threats.

II. **Motion to Preclude Evidence and Argument That a Threat Was Not Communicated to Intended Victims**

With respect to Count 2, the Government argues that Defendant may introduce evidence that he did not communicate a threat directly to Victim #2, the probation officers. The

Government argues that a defendant need not communicate threats directly to victims to be guilty under the statute, and so evidence to that end is irrelevant. Doc. 156 at 4–5.

Section 115 criminalizes the making of a threat to assault, kidnap, or murder, but the statute does not require that the intended victim actually receive the threat. See United States v. Stewart, 420 F.3d 1007, 1016 (9th Cir. 2005) (finding no requirement in § 115 that a threat be directly communicated)); United States v. Raymer, 876 F.2d 383, 391 (5th Cir. 1989) ("actual receipt and subjective impression of the recipient are not elements of the crime under 18 U.S.C. § 115.").

Because the Government is not required to prove that any victim actually received the alleged threats, evidence that the victims did not in fact receive any threats would be irrelevant to the charged conduct. Defendant is precluded from offering any evidence or argument that the alleged threats were not directly communicated to probation officers identified as Victim #2.

### III. Motion to Preclude Improper Character Evidence

The Government argues that Defendant may attempt to introduce evidence of his good character. Doc. 156 at 5–8. The Government argues that any evidence that defendant "is a good, honorable, or non-violent person would not be pertinent and therefore inadmissible." Id. at 6. The Government argues that any evidence that Defendant is truthful would only be admissible if the Government attacks his character for truthfulness. Id. The Government argues that any evidence that Defendant is a "law-abiding citizen" should only be admitted by opinion and reputation testimony, and that Defendant may attempt to improperly introduce evidence of specific acts of good conduct. Id. at 7–8. Defendant states in response that he "object[s] to any blanket ban of Defendant's character." Doc. 172 at 1.

A defendant in a criminal case may offer character evidence in limited circumstances under Federal Rule of Evidence 404.  Applicable here, a criminal defendant "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."  Fed. R. Evid. 404(1)(2)(A).  To the extent Defendant seeks to introduce evidence of a pertinent trait, he may do so.

When character evidence is admissible, "it may be proved by testimony about the person's reputation or by testimony in the form of an opinion.  On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct."  Fed. R. Evid. 405(a).  Defendant is reminded that, if he chooses to introduce evidence of a pertinent character trait, he may only do so through **reputation testimony and opinion testimony**.  He may introduce evidence of specific instances of conduct only when cross-examining the Government's character witnesses.

Character evidence may also be introduced to attack or bolster a witness's credibility.  Fed. R. Evid. 608(a).  However, a witness's credibility may only be attacked or supported "by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character."  Id.  Importantly, "evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked."  Id.  To that end, **Defendant may only offer evidence of his truthfulness if the Government attacks that character trait**.  Defendant is reminded that character for truthfulness is attacked when the witness's reputation for truthfulness is challenged.  United States v. Drury, 396 F.3d 1303 (11th Cir. 2005).  "An 'attack' that consists only of 'Government counsel pointing out inconsistencies in testimony and arguing that the accused's testimony is not

4

credible does not constitute an attack on the accused's reputation for truthfulness within the meaning of Rule 608.'" Id. at 1315 (citation omitted).

IV. **Motion to Preclude Any Attempt to Introduce Evidence, Testimony or Argument Related to Any Potential Punishment**

The Government argues that Defendant may introduce evidence or argument concerning the potential sentence if he is convicted. Doc. 156 at 8–10. The Government argues that the jury's role does not extend to sentencing, and, therefore, reference to sentencing is irrelevant. Id. at 8. The Government also argues that references to potential punishment would be unfairly prejudicial. Id.

Evidence of potential punishment is plainly irrelevant to the facts the Government must prove to secure a conviction. Further, evidence of potential punishment appears likely to play to the jury's emotions rather than the facts of the case. See United States v. Courtney, 816 F.3d 681, 686 (10th Cir. 2016) ("[I]t is firmly established that when the jury has no sentencing function, as was the case here, it 'should reach its verdict without regard to what sentence might be imposed.'" (quoting Rogers v. United States, 422 U.S. 35, 40 (1975)). For these reasons, **Defendant is precluded from introducing evidence or argument of potential sentencing or punishment if he is convicted**.

V. **Motion to Preclude Evidence, Testimony, or Argument Alleging Improper Government Conduct Including Improprieties in the Grand Jury Proceedings**

The Government argues that Defendant "has repeatedly claimed the Government engaged in misconduct, including during grand jury proceedings." Doc. 156 at 10. The Government, therefore, seeks preclusion of any evidence of prosecutorial misconduct before the grand jury. Id. at 11. Defendant argues in response that prior grand jury testimony should be admissible to impeach a witness. Doc. 172 at 1.

Defendant has argued in pretrial motions that the prosecution has engaged in misconduct, particularly with regard to deficiencies in the charging documents, and those motions were denied. Docs. 116, 146. This was the appropriate time to raise those arguments. Under Federal Rule of Criminal Procedure 12(b)(3), a motion alleging a defect in the charging instrument must be made prior to trial. As such, it would be improper for Defendant to raise the same or similar arguments before the jury. Further, the propriety of the grand jury's decision to indict is irrelevant to the charged conduct. **Defendant is precluded from introducing evidence or argument of prosecutorial misconduct in securing the Indictment and is precluded from introducing evidence or argument relating to the grand jury's decision to indict**.

However, Defendant is correct that prior inconsistent statements are admissible for impeachment purposes, including prior statements made during grand jury testimony. See United States v. Jacoby, 955 F.2d 1527, 1539 (11th Cir. 1992) (admitting grand jury testimony to impeach a witness's trial testimony). **Defendant may introduce grand jury testimony to impeach witnesses**. However, Defendant is reminded that, under Federal Rule of Evidence 801, a prior inconsistent statement is only admissible if specific conditions are met. First, the declarant who made the prior inconsistent statement must testify and be subject to cross-examination about the prior inconsistent statement. Second, the statement must be inconsistent with the declarant's trial testimony and must have been given under penalty of perjury at a prior trial, hearing, other proceeding, or deposition. Fed. R. Evid. 801(d)(1). And of course, Federal Rule of Evidence 401 always precludes irrelevant evidence. To the extent Defendant intends to introduce relevant grand jury testimony consistent with these rules, that testimony is not precluded.

VI.   **Motion to Preclude Testimony, Evidence, or Argument That a Search Warrant Obtained by Victim #1 was Illegal**

The Government argues that Defendant "has repeatedly claimed that Victim #1, a federal law enforcement officer, obtained an illegal search warrant to search the defendant's mobile telephone in the District of Colorado." Doc. 156 at 11. The Government argues that this search warrant is "not relevant to whether the defendant mailed a true threat to Victim #1 and therefore any testimony, evidence, or argument related to the validity of the search warrant should be precluded." Id. at 11–12. The Government also argues that the validity of a search warrant is a matter of law for the Court, not the jury. Id. at 12.

Defendant argues in response that he should be allowed to introduce evidence that Victim #1 obtained an illegal search warrant. Doc. 172 at 2. Defendant argues that this evidence is important to prosecutors' motives and "criminal violation[s]." Id.

It is unclear how the search warrant Victim #1 previously obtained would be remotely relevant to the charged conduct in the Indictment. Even if the evidence were relevant, any attempt by Defendant at trial to question the validity of that warrant would ask the jury to reevaluate the issuance of the warrant, which would plainly be inappropriate in this criminal case. Ultimately, Defendant fails to show the prior warrant would have any bearing on the jury's determination of guilt or innocence. Therefore, **Defendant is precluded from offering evidence or argument that any prior search warrant was illegally obtained**.

VII.  **Motion to Preclude Testimony, Evidence, or Argument that a District Court Judge in Colorado Opined on Defendant's Criminal Intent in an Unrelated Matter**

The Government argues that Defendant may attempt to introduce evidence or argument that a district judge in the District of Colorado stated, during a revocation hearing, "I'm not afraid of [the defendant]. On the contrary, I've always liked and admired, actually [the

7

defendant.]" Doc. 156 at 12.  The Government argues that any attempt by Defendant to introduce these comments would be irrelevant, hearsay, and improper character evidence.  Id.  Defendant argues that the district judge's testimony is relevant because he is the "alleged victim" and his testimony "prompted the illegal investigation and surveillance of defendant in 2023."  Doc. 172 at 2.

Defendant has not shown that the district judge's statements are relevant to the charges in this case.  Additionally, statements by a district judge in an unrelated hearing clearly constitute hearsay.  Hearsay is generally inadmissible and constitutes a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  The district judge's statements plainly fit the definition of hearsay.  Several exceptions to the hearsay rule do exist.  One exception applies in the context of character evidence.  Under Federal Rule of Evidence 803(21), "[a] reputation among a person's associates or in the community concerning the person's character" is admissible even if it constitutes hearsay.  This exception, however, requires "a foundation that is trustworthy and a well-defined 'community' that is capable of, in a figurative sense, forming an opinion or discerning a fact."  Blackburn v. UPS, Inc., 179 F.3d 81, 100 (3rd Cir. 1999).  A single district judge's statement in the context of a hearing does not establish a foundation for Defendant's reputation in any well-defined community.  Further, contrary to Defendant's representation, the district judge is not the victim in this case.  Therefore, **Defendant is precluded from offering as evidence the hearsay statements laid out above without properly establishing that a hearsay exception applies**.

### VIII. Motion to Preclude Testimony, Evidence, or Argument About Whether a Witness Believes the Defendant's Statements Were Threats

The Government argues that Defendant may attempt to introduce evidence or argument "regarding other persons['] belief as to whether his threats . . . were 'true threats.'" Doc. 156 at 12. The Government argues that allowing this testimony would be improper because the determination of a true threat is a question of fact for the jury. Id. at 12–13. However, the Government also argues that Victim #1 and Victim #2 should be permitted to testify to their beliefs about whether Defendant's statements were threatening. Id. at 13. The Government argues that, because the reaction of those who heard the threat is a factor in determining the existence of a true threat, the beliefs of the threat's intended targets should be admitted. The Government argues that Victim #1 and Victim #2 should be permitted to offer "what the statement conveyed to them, especially taken in context, with the knowledge each possessed, and within the historical relationship the defendant had with each of them." Id. at 14.

Defendant argues that the Government misconstrues applicable caselaw, and that "whether the alleged victim thought the 18 Dec. 2024 letter was a threat under the objective standard is no concern to the defendant." Doc. 172 at 3.

Whether a statement constitutes a true threat "has almost always been reserved for the jury." United States v. Hussaini, Case No. 19-60387, 2022 WL 138474, at *8 (S.D. Fla. Jan. 14, 2022) (citing United States v. Kosma 951 F.2d 549, 555 (3rd Cir. 1991)). Therefore, directly asking a witness to opine whether a statement constitutes a true threat would be improper. However, courts do consider "the reaction of the recipients of the alleged threat" in assessing whether a true threat exists. United States v. Baker, 514 F. Supp. 1369, 1380 (N.D. Fla. 2021) (citing Watts v. United States, 394 U.S. 705, 708 (1969)). Because a true threat must be evaluated in the context in which it is made, the reactions of those who actually received (in this

9

case, presumably, read) the threat are relevant to the jury's determination.  See Counterman v. Colorado, 600 U.S. 66, 74 (2023) ("The existence of a threat depends not on the 'mental state of the author,' but on 'what the statement conveys' to the person on the other end.") (quoting Elonis v. United States, 575 U.S. 723, 733 (2015)).

In sum, **Defendant is precluded from directly asking witnesses to offer conclusions as to whether the alleged threats constituted true threats.  However, witnesses may testify as to their reactions to the alleged threats in the context in which they were made.**

IX. **Motion to Preclude Testimony, Evidence, or Argument About Any Alleged Discovery Issues**

The Government argues that Defendant should be precluded from requesting discovery in the presence of the jury.  Doc. 156 at 14.  The Government argues that such requests "may create the impression that one side has suppressed information as a means of seeking an unfair advantage."  Id.

Discovery disputes have no bearing on the jury's factfinding function and appear likely to confuse the jury or potentially cause undue prejudice.  To that end, **Defendant is precluded from requesting discovery in the presence of the jury**.  If Defendant has specific discovery-related concerns to bring to the Court's attention, he may address those concerns to the Court outside the presence of the jury.

X. **Motion to Preclude Any Comments in Opening Statements That Cannot Be Supported by Admissible Proof at Trial**

The Government argues Defendant should be "advised and precluded from making any statement about anticipated inadmissible or irrelevant statements or evidence in his opening statement."  Doc. 156 at 15.

The opening statement "gives counsel the opportunity to state what evidence will be presented, making it easier for jurors to understand what follows." United States v. Dominguez, 735 F. App'x 591, 596 (11th Cir. 2018) (citation omitted). Opening statements fall within the trial court's discretion, and the court "can exclude irrelevant facts." Id. To that end, **Defendant is precluded from referencing inadmissible evidence in his opening statement**.

XI. **Motion to Preclude Any Argument in Closing That is Not Derived From the Trial Record**

The Government argues that Defendant should be precluded from presenting argument in his closing statement that was not derived from the trial record. Doc. 156 at 15.

"The cardinal rule of closing argument is that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence." United States v. Hesser, 800 F.3d 1310, 1329 (11th Cir. 2015) (cleaned up) (quoting Whittenburg v. Werner Enters. Inc., 561 F.3d 1122, 1128–29 (10th Cir. 2009)). Therefore, **Defendant is precluded from referencing evidence not in the trial record when making closing statements. Defendant must confine his closing statement only to evidence admitted at trial.**

XII. **Motion to Preclude Defendant from Making Argument or Statements While Engaged in Questioning Witnesses**

The Government argues that Defendant "should be advised and precluded from making argument or statements when conducting witness inquiry." Doc. 156 at 16.

Examination of witnesses is done through questioning. To that end, any effort to present argument or editorial comments while examining or cross-examining witnesses is improper. Therefore, **Defendant is precluded from making argument or statements while examining witnesses**. Defendant is reminded that he may ask leading questions, but only when cross-examining witnesses. Fed. R. Evid. 611.

### XIII. Motion to Permit the Government to Present Testimony and Evidence Related to Defendant's Knowledge

The Government argues that it should be permitted to present evidence that Defendant knew that Victim #1 was very concerned about Defendant and took threats from Defendant seriously. The Government explains that Victim #1 made statements in a court proceeding that Victim #1 was "very concerned about" Defendant and about Defendant's potential to carry out an attack. Victim #1 explained that could not "ignore" Defendant's remarks and Defendant's needed to be taken "seriously." Doc. 156 at 16. Victim #1 made these remarks during the court proceeding before Defendant made the alleged threats underlying the charges in this case. The Government argues that its burden of proof includes proving that Defendant acted with either intent to communicate a true threat or with knowledge that the communication would be viewed as a true threat. The Government states it intends to show that Victim #1 was concerned about threats from Defendant prior to the alleged threatening communications at issue in this case. Id. at 17. The Government argues that this evidence is relevant to Defendant's knowledge that Victim #1 would view the communications as a threat. The Government further argues that these statements would not constitute hearsay because they are being offered to demonstrate that Defendant heard the statements before he communicated a threat, not for the truth of the statements themselves. Id.

**The Government is not precluded from offering evidence that Defendant knew Victim #1 would view his communications as threats**. The Government has charged Defendant with mailing a threatening communication "with the knowledge that it would be viewed as a true threat." Doc. 81 at 7. Evidence that Defendant knew that Victim #1 would view any future threatening communications as a true threat is plainly relevant to the charged conduct. This evidence also does not implicate the hearsay rule because the Government offers

12

it only to demonstrate Defendant's awareness of Victim #1's statements, and not for the truth of the matter asserted. A statement is only hearsay if it is being offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Because the statements being offered do not meet that definition, they are not hearsay.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's omnibus Motions in Limine.

**SO ORDERED**, this 6th day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA