# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRE J. TWITTY,<br><br>Defendant. | 2:24-CR-5 |

**ORDER**

Before the Court is Defendant Andre Twitty's motion to disqualify the undersigned from presiding over this case. Dkt. No. 269. For the reasons stated below, Defendant's motion is **DENIED.**

**BACKGROUND**

On October 9, 2025, a jury found Defendant guilty of two counts of criminal conduct as charged: (1) mailing threatening communications, in violation of 18 U.S.C. § 876(c) (Count One) and (2) impeding and retaliating against federal law enforcement by threatening, in violation of 28 U.S.C. § 115(a)(1)(B) (Count Two). Dkt. Nos. 81, 187.

In pretrial motions, Defendant sought to disqualify the United States Attorney's Office ("USAO") from prosecuting this case. Among other things, Defendant alleged that the USAO procured an indictment by presenting knowingly false and misleading testimony to the grand jury, and the USAO made omissions that

amount to false testimony before the grand jury. See Dkt. Nos. 41, 43; see also Dkt. No. 116 at 25-26 (noting Defendant's allegations of fraud, perjury and conspiratorial motive on the USAO's part). The Court denied the motions, ruling that Defendant had not shown that any witness gave any false testimony before the grand jury. See Dkt. No. 116 at 27; Dkt. No. 146. Defendant appealed the denial of his motions to disqualify, dkt. no. 131, and the appeal was dismissed for lack of prosecution, dkt. no. 138.

**DISCUSSION**

Now before the Court is Defendant's "Motion for Reconsideration, Disqualification of [the Undersigned], Fraud Upon the Court, Judicial Conspiracy." Dkt. No. 269. While the motion is styled as one for reconsideration, the motion is, in substance, Defendant's first motion to disqualify the Undersigned. See id. Therein, Defendant essentially raises the same arguments he made to support his motion to disqualify the USAO, but the arguments are now directed at the Undersigned. For example, Defendant again states that the USAO presented false testimony to the grand jury to secure an indictment against him. Dkt. No. 269 at 2. Additionally, however, Defendant states that the Court conspired with the USAO to cover-up the USAO's wrongdoing, committing legal errors along the way. See id. at 2.

## I. 28 U.S.C. § 144

There are two statutes under which a judge may be disqualified from presiding over a case: 28 U.S.C. § 144 and § 455. Under Section 144,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Section 144 further requires that the affidavit "state the facts and the reasons for the belief that bias or prejudice exists" and that the affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."

Here, Defendant's motion is not accompanied by an affidavit, much less a timely-filed one, as required by Section 144. Harris v. Geico Gen. Ins. Co., 961 F. Supp. 2d 1223, 1227 (S.D. Fla. 2013) ("The threshold requirement under § 144 disqualification procedure is that a party file an affidavit demonstrating personal bias or prejudice on the part of the district judge against that party or in favor of an adverse party." (quoting Parrish v. Bd. of Comm'rs, 524 F.2d 98, 100 (5th Cir. 1975))), aff'd, 619 F. App'x 896 (11th Cir. 2015). Because Defendant has failed to fulfill the procedural requirements of Section 144, his request for disqualification pursuant to that statute is **DENIED**.

**II. 28 U.S.C. § 455**

Under the second disqualification statute, Section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself when, *inter alia*, "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Although the general effect of § 455 was to broaden the range of circumstances warranting disqualification, a judge nonetheless has an obligation 'not to recuse when there is no occasion for him to do so . . . . "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."'" Harris, 961 F. Supp. 2d at 1227 (quoting Carter v. West Publishing Co., No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999) (quoting United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986))). "A judge's impartiality must reasonably be questioned' for the judge to recuse because 'there is the need to prevent parties from . . . manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.'" Id. at 1228 (quoting Carter, 1999 WL 994997, at *2).

The Supreme Court has "held that part of the wrongfulness or inappropriateness of judicial bias violative of section 455(a) is that the prejudice stems from an 'extrajudicial source.'" Carter, 1999 WL 994997, at *8; see also United States v. Amedeo, 487 F.3d

823, 828 (11th Cir. 2007) ("The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case."). The Supreme Court has also held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Id. "Almost invariably, they are proper grounds for appeal, not for recusal." Id.

Here, Defendant's accusations of bias are based upon the Court's rulings that were unfavorable to Defendant. See Dkt. No. 269 at 21. While Defendant also alleges that the Undersigned has a "stake in the outcome" of this case, that allegation is conclusory and wholly unsupported. Id. Nor could it be anything else. The Undersigned has no stake in the outcome and no bias or prejudice toward anyone involved in this case. Therefore, Defendant has failed to show that the Undersigned's "impartiality might reasonably be questioned" or that "a personal bias or prejudice" against Defendant exists. Accordingly, Defendant's motion for disqualification pursuant to Section 455 is **DENIED.**

## CONCLUSION

Defendant's motion for disqualification, dkt. no. 269, is **DENIED.** The Clerk is **DIRECTED** to notify the Eleventh Circuit Court of Appeals of the filing of this Order.

**SO ORDERED** this 22nd day of September, 2026.

_________________________________
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA